**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Case No.: 6:24-cv-1767

CP TILE & MARBLE PLUS INC.,
A Florida Corporation,

    Plaintiff,
v.

GENERAL MOTORS, LLC,
A Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

The Plaintiff, CP TILE & MARBLE PLUS, INC., a Florida corporation (hereinafter "**Plaintiff**"), by and through the undersigned counsel, files this Complaint and sues the Defendant, GENERAL MOTORS, LLC., a foreign limited liability company (hereinafter "**Manufacturer**"), for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et. seq.,* (hereinafter "**MMWA**"), for defects associated with a 2021 GMC Yukon with a VIN of ending in 06680 (hereinafter "**vehicle**" or "**subject vehicle**") which was warranted by Manufacturer.

### STATEMENT OF JURISDICTION AND VENUE

1. The amount in controversy exceeds $50,000, exclusive of attorney's fees, interest and costs.

2. Plaintiff is an individual residing in and at all times relevant hereto, Orange County, Florida.

3. Defendant Manufacturer is a foreign limited liability company authorized to conduct business in the State of Florida and at all times material hereto was engaged in the regular practice of warranting and servicing automobiles in Orange County, Florida.

## FACTS

4. On or about August 4, 2021, Plaintiff purchased the vehicle at a total cash price of $67,790.00. *See* Exhibit "A" attached hereto and incorporated herein.

5. The vehicle was covered by the Manufacturer's Limited Powertrain Warranty in connection with the purchase of the vehicle. *See* Exhibit "B" attached hereto and incorporated herein.

6. Specifically, the relevant terms of the warranty provided protection by way of promise to pay for repairs to certain component parts described below for a period of 5 years.

7. The Manufacturer's Limited Powertrain Warranty covers malfunctions related to, *inter-alia*, engine components, interior trim, air conditioning/ventilation, sunroof, chassis, suspension and other components not specifically excluded by the terms of the contract. *Id*.

8. Starting on or about December 13, 2021, Plaintiff presented the vehicle for warranty repairs to an authorized service facility for malfunctions in the vehicle pursuant to the Manufacturer's Limited Powertrain Warranty over the course of over ten visits. *See* Exhibit "C," attached hereto and incorporated herein.[1]

9. The malfunctions and defects occurred within the time and mileage limitations of the Manufacturer's Limited Powertrain Warranty.

10. The malfunctions and defects were brought to the attention of the Manufacturer within the time and mileage limitations of the Manufacturer's Limited Powertrain Warranty.

11. Despite multiple opportunities to repair the vehicle, the malfunctions and defects continue to persist.

12. Specifically, the vehicle continues to exhibit grinding noise from its suspension,

---

[1] Plaintiff intends to obtain complete copies of all repair orders pertinent to the repairs completed through discovery and subsequent proffer.

water intrusion leading to mold growth, misfocusing center console trim, drive assist system failure and malfunctioning air conditioning/ventilation system.

13. Moreover, during the course of the repair attempts completed to the vehicle, the vehicle sustained additional damage to its drivetrain, suspension and interior due to substandard repairs attempted to the vehicle by the manufacturer's authorized repair facility.

14. The aforementioned malfunctions and defects impair the safety, use, reliability and value of the vehicle.

15. Plaintiff has diligently maintained the Vehicle by regularly delivering the vehicle for maintenance to a franchised dealership.

16. Plaintiff properly maintained the vehicle in accordance with the terms and conditions of the Manufacturer's Limited Powertrain Warranty and the vehicle's service manual.

17. The aforementioned malfunctions and defects were not caused by misuse, abuse, lack of proper maintenance or neglect.

18. The aforementioned malfunctions and defects were not caused by the environment.

19. As a result of Defendant's refusal to conform the vehicle to the terms of the Manufacturer's Limited Powertrain Warranty, the vehicle continues to exhibit significant problems and requires substantial repairs.

20. Defendant's refusal to conform the vehicle to the terms of the Manufacturer's Limited Powertrain Warranty is in derogation of Defendant's obligation to Plaintiff under the Manufacturer's Limited Powertrain Warranty.

21. Plaintiff provided notice and opportunity to cure the breach of warranty to the Defendant.

22. Despite receiving the same, Defendant has all but failed to conform the vehicle to

the terms of the Manufacturer's Limited Powertrain Warranty.

23. Plaintiff has fulfilled all conditions precedent to maintaining this suit and/or the same have otherwise been waived due to actions of the Manufacturer.

24. Plaintiff has hired the undersigned counsel to represent its interests herein and is obligated to pay a reasonable attorney's fee. Plaintiff, as the prevailing party, intends to seek attorney's fees and costs from the Defendant pursuant to applicable law and as further set forth below.

**COUNT I**
**BREACH OF EXPRESS WARRANTY UNDER MMWA 15 U.S.C. 2310(d)(1)**

25. Plaintiff incorporates and adopts paragraphs 1 to 20 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined in the MMWA, 15 U.S.C, § 2301(3).

27. The vehicle is a "consumer product" as defined in the MMWA, 15 U.S.C. § 2301(1).

28. The vehicle was manufactured and purchased after July 4, 1975.

29. The Manufacturer's Limited Powertrain Warranty is a "written warranty" as defined in the MMWA, 15 U.S.C. § 2301(6).

30. The defects and malfunctions within the vehicle are all component parts that are covered under the Manufacturer's Limited Powertrain Warranty.

31. Manufacturer's failure and ultimate refusal to pay for repairs or replacement parts is a breach of the Manufacturer's Limited Powertrain Warranty.

32. The vehicle continues to exhibit the same substantial non-conformities and malfunctions which have not been rectified by the Manufacturer.

33. The defects and malfunctions have impacted the vehicle's safety use and reliability.

34. As a result of Manufacturer's breach, Plaintiff has suffered expenses, losses, and

damages.

35. All conditions precedent prior to bringing this action have occurred, have been performed, or have been waived.

**WHEREFORE**, Plaintiff prays that judgment be entered against Manufacturer:

(a) The difference at the time and place of acceptance of the vehicle between the value of the vehicle accepted and the value it would have had it been as warranted;

(b) For actual, incidental, and consequential damages;

(c) For costs, interest and actual attorney's fees pursuant to 15 U.S.C. § 2310(d)(2);

(d) and,

(e) For such other relief this Court deems appropriate.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff, CP TILE & MARBLE PLUS, INC., a Florida corporation, hereby demands trial by jury of all issues so triable.

Respectfully Submitted,

*/s/ Joshua Feygin*
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email:  Josh@sueyourdealer.com
**SUE YOUR DEALER - A LAW FIRM**
1930 Harrison Street
Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357