UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:24-cv-1767

CP TILE & MARBLE PLUS INC.,
A Florida Corporation,

    Plaintiff,

v.

GENERAL MOTORS, LLC,
A Foreign Limited Liability Company,

    Defendant.

_____/

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, CP TILE & MARBLE PLUS INC., (hereinafter, "Plaintiff") by and through the undersigned counsel, and pursuant Rule 12(f), Fed. R. Civ. P., hereby files this Motion to Strike Defendant's Affirmative Defenses and Incorporated Memorandum of Law and further states as follows:

### INTRODUCTION AND BACKGROUND

1. This case arises from a breach of warranty by General Motors, LLC (hereinafter, "Defendant" or "GM") arising from Plaintiff's purchase of a 2021 GMC Yukon ("GMC") on August 4, 2021 and the Defendant's inability to conform the same to the terms of the express warranty for the GMC. *Complaint*, D.E. 1.

2. Plaintiff filed the subject Complaint on September 30, 2024. *See Complaint*, D.E. 1.

3. Defendant filed its Answer and raised Affirmative Defenses related to

Plaintiff's claims on October 23, 2024.  *See Answer and Affirmative Defenses*, D.E. 9.

## MEMORANDUM OF LAW

### I.  Legal Standard on a Motion to Strike Affirmative Defenses

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or in partly, by asserting new allegations of excuse, justification, or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D. Fla. 1989).  It is well-established that courts have broad discretion to strike insufficient affirmative defenses. Fed. R. Civ. P. 12(f); *Microsoft Corp. v. Jesse's Computers and Repair, Inc.*, 211 F.R.D. 681 (M.D. Fla. 2002).  Rule 12(f) provides, in pertinent part, that "the court may order stricken from any pleading any insufficient defense…"  Courts have found that striking affirmative defenses with no basis in law or factual support is "extremely valuable to all concerned in order to avoid the needless expenditures of time and money in litigating issues which can be seen to have no bearing on the outcome."  *S.E.C. v. Weil*, Case No. 79-440, 1980 U.S. Dist. LEXIS 12144, *2 (M.D. Fla. 1980) ("weeding out legally insufficient defenses at an early stage of a lawsuit is favored").

Pursuant to Rule 8(a), GM must set forth a short and plain statement of the affirmative defense asserted and sufficient facts to support it.  *See* Fed. R. Civ. P. 8(a); *Home Management Solutions, Inc. v. Prescient, Inc.*, Case No. 07-20608, 2007 U.S. Dist. LEXIS 61608, *8-9 (S.D. Fla. 2007) (striking affirmative defenses for failure to provide sufficient factual support to give fair notice of the nature of the defenses and the grounds on which it rests) (citing *Bell Atlantic Corp. v. Twombly*, 127 US 1955,

1965 (2007)); *Microsoft*, 211 F.R.D. at 684. Courts have firmly and routinely held that a defendant must do more than merely make conclusory allegations. If an affirmative defense contains no more than "bare bones conclusory allegations, it must be stricken." *Id.* (citations omitted).

## II.   Discussion

GM's affirmative defenses, as outlined below, are legally insufficient and invalid as a matter of law. GM fails to allege any facts in support of its purported defenses, and instead resorts to stating mere conclusions of law that fail to substantiate the deficiencies in its pleading. Further, many of GM's affirmative defenses have no basis in law or fact.

As a whole, GM's bare-bones assertions of their defenses fail to comply with the pleading requirements of Rule 8(a). *See, e.g.*, *Groves v. Dury*, Case No. 2:06-cv-338, 2006 U.S. Dist. LEXIS 62540, *2 (M.D. Fla. 2006) (Steele, J.). Although Rule 8(a) does not obligate a defendant to set forth detailed factual allegations, a defendant must give "fair notice" of the nature of the defense and the grounds upon which it rests. *See Bell Atlantic Corp.*, 550 US 553 (interpreting the requirements of Rule 8 on a motion to dismiss); *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr., Inc.*, Case No. 1:08-cv-00008, 2008 U.S. Dist. LEXIS 99462, *9 (N.D. Fla. 2008) (dismissing affirmative defenses for failure to plead sufficient facts to put the plaintiff sufficiently on notice of what defendants intend to present). GM's affirmative defenses are wholly inadequate to provide Plaintiff with proper notice as to what actions, conduct, and facts give rise to such vague, conclusory defenses.

In addition to GM's failure to set forth any cognizable facts on which to base the affirmative defenses detailed below, GM's affirmative defenses should also be stricken because they are invalid as a matter of law. Rule 12(f) provides that the Court should strike any defense that is not legally sufficient. The Court has held that "[a] defense is insufficient as a matter of law if, on the face of the pleadings, it is…clearly invalid as a matter of law." *Anchor Hocking Corp. v. Jacksonville Electric Auth.*, 419 F.Supp. 992, 1000 (M.D. Fla. 1976).

"A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Furthermore, an affirmative defense is insufficient if it "simply alleges a defect in the plaintiff's claim." *Rosada v. John Wieland Homes and Neighborhoods, Inc.*, No. 3:09-cv-656-J-20MCR, 2010 U.S. Dist. LEXIS 39938 (M.D. Fla. Mar. 25, 2010). This Court has held that "when a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial…the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial." *Id*. (quoting *Home Mgmt' Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007). GM's insufficient affirmative defenses are more specifically and individually discussed below.

    A.    **Defendant's First Affirmative Defense should be Stricken as a Matter of Law**

In the present matter, GM's First Affirmative Defense asserts that "GM has not breached its Warranty because the Subject Vehicle's alleged defects have been

corrected." *See Answer*, D.E. 9 at II. § Defenses ¶ 1. This is an invalid affirmative defense as it denies Plaintiff's allegations rather than raises new facts and arguments. *See Premium Leisure, LLC v. Gulf Coast Spa Mfrs, Inc.*, Case No. 8:08-cv-1048, 2008 U.S. Dist. LEXIS 64098, *9 (M.D. Fla. 2008) (holding that defense of failure to state a claim "is a denial of [plaintiff's] claim, rather than an affirmative defense"). Further, this purported defense merely points out a defect in the Plainitff's case in chief. "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson.*, 846 F.2d at 1349; *Home Design Servs.*, 2005 U.S. Dist. LEXIS at *20.   As GM's First Affirmative Defense is legally insufficient, the Court should strike it as a matter of law.  In the alternative, the Court should re-characterize this affirmative defense as a denial.

### B. Defendant's Second Affirmative Defense should be Stricken as Legally Insufficient and Invalid as a Matter of Law

As its Second Affirmative Defense, GM asserts that "GM has not breached its Warranty to the extent the alleged defects are not covered by the Warranty." *See Answer*, D.E. 9, at II. § Defenses ¶ 2. However, GM has wholly failed to allege any facts in support of its conclusory allegations. Rather, this purported affirmative defense is nothing more than a denial. This affirmative defense should be stricken as factually unsubstantiated and insufficient as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684. In the alternative, the Court should re-characterize this affirmative defense as a denial.

### C. Defendant's Third Affirmative Defense should be Stricken as Invalid as a Matter of Law

As its Third Affirmative Defense, GM asserts that Plaintiff failed to comply with all conditions precedent to bringing a cause of action under the Magnuson-Moss Warranty Act to the extent Plaintiff failed to afford GM a reasonable opportunity to cure the alleged breach of warranty as required by 15 U.S.C. § 2310 (e). *See Answer*, D.E. 9, at II. § Defenses ¶ 3. GM, however, has wholly failed to allege any facts in support of its conclusory allegation. When "denying that a condition precedent has occurred or been performed, a party must do so with particularity." *Gottlieb & Gottlieb, P.A. v. Crants*, 657 Fed. Appx. 920, 922; Fed. R. Civ. P. 9(c). GM has failed to allege this defense with the requisite particularity as it fails assert that the Plaintiff has indeed failed to allow a reasonable opportunity to cure the alleged breach and how. Therefore, this defense should be stricken as factually unsubstantiated and insufficient as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684.

### D. Defendant's Fourth Affirmative Defense should be Stricken as Legally Insufficient

As its Fourth Affirmative Defense, GM asserts that "GM's Warranty does not cover slight noises, vibrations, tire wear, or other normal characteristics of the vehicle." *See Answer*, D.E. 9 at II. § Defenses ¶ 4. However, GM has wholly failed to allege any facts in support of its conclusory allegations. Rather, this purported affirmative defense is nothing more than a denial. This affirmative defense should be stricken as factually unsubstantiated and insufficient as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684.

In the alternative, the Court should re-characterize this affirmative defense as a denial.

### E. Defendant's Fifth Affirmative Defense should be Stricken as Legally Insufficient and Invalid as a Matter of Law

As its Fifth Affirmative Defense, GM asserts that "GM's Warranty does not cover corrosion caused by environmental conditions, chemical treatments, or aftermarket products." *See Answer*, D.E. 9 at II. § Defenses ¶ 5. Again, an affirmative defense is defined as "a defendant's assertion raising new facts and argument that, if true, will defeat the Plaintiff's…claim even if all allegations in the complaint are true. *Saks*, 316 F.3d at 350. As asserted, GM's Fifth Affirmative Defense is not a properly pled defense. As such, GM's Fifth Affirmative Defense should be stricken as legally insufficient and invalid as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684. In the alternative, the Court should re-characterize this affirmative defense as a denial.

### F. Defendant's Sixth Affirmative Defense should be Stricken as Invalid as a Matter of Law

As its Sixth Affirmative Defense, GM asserts that "To the extent the alleged defects resulted from misuse, abuse, accident, neglect, modifications, the use of aftermarket and/or non-GM parts, or improper maintenance, they are not covered by the Warranty, and GM is not responsible for the damages alleged by Plaintiff and may not be held liable for same." *See Answer*, D.E. 9 at II. § Defenses ¶ 6. GM has wholly failed to allege any facts in support of its conclusory allegations. Rather, this purported affirmative defense is nothing more than a denial. This affirmative defense

should be stricken as factually unsubstantiated and insufficient as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684. In the alternative, the Court should re-characterize this affirmative defense as a denial.

### G. Defendant's Seventh Affirmative Defense should be Stricken as Invalid as a Matter of Law

GM's Seventh Affirmative Defense asserts that "GM's warranty disclaims and excludes liability for incidental and consequential damages." *See Answer*, D.E. 9 at II. § MMWA ¶ 2. GM has wholly failed to allege any facts in support of its conclusory allegations. Rather, this purported affirmative defense is nothing more than a denial and merely points out a defect in the Plaintiff's *prima-facia* case. This affirmative defense should be stricken as factually unsubstantiated and insufficient as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684. In the alternative, the Court should re-characterize this affirmative defense as a denial.

### H. Defendant's Eighth Affirmative Defense should be Stricken as Invalid as a Matter of Law

GM's Eighth Affirmative Defense asserts that "To the extent Plaintiff failed to use reasonable care to mitigate any alleged damages by taking reasonable measures to prevent or minimize the losses claimed as damages in this matter, Plaintiff's claim is barred or diminished." *See Answer*, D.E. 9 at II. § MMWA ¶ 3. GM has wholly failed to allege any facts in support of its conclusory allegations. Rather, this purported affirmative defense is nothing more than a denial. This

affirmative defense should be stricken as factually unsubstantiated and insufficient as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684. As GM's Eighth Affirmative Defense is legally insufficient, the Court should strike it as a matter of law.

### I. Defendant's Ninth Affirmative Defense should be Stricken as Invalid as a Matter of Law

GM's Ninth Affirmative Defense asserts that "GM is entitled to a set off for monies received through a judgment, settlement, or otherwise by Plaintiff from any party or non-party to this action in relation to the damages alleged in the Complaint." *See Answer*, D.E. 9 at II. § MMWA ¶ 4. This is an invalid affirmative defense as it denies Plaintiff's allegations rather than raises new facts and arguments. *See Premium Leisure*, 2008 U.S. Dist. LEXIS 64098. As such, GM's Ninth Affirmative Defense is legally insufficient, and the Court should strike it as a matter of law.

### J. Defendant's Tenth Affirmative Defense should be Stricken as Invalid as a Matter of Law

As its Tenth Affirmative Defense, GM asserts that "GM reserves the right to plead any and all additional defenses that may become known during discovery." *See Answer*, D.E. 9 at II. § TCPA ¶ 1. This reservation of rights is not an appropriate affirmative defense. An allegation reserving rights to later defend does not constitute an affirmative defense because it does not respond to the initial complaint. *See Curry*, 2008 U.S. Dist. LEXIS 99462 at *15-16 (citing *Ayers*, Case No. 2:07-cv-123-FtM-29DNF, 2007 U.S. Dist. LEXIS 86596 at *5) (striking a reservation of rights clause

asserted as an affirmative defense and stating, "The Court strikes the reservation of rights clause in the instant cause because it is insufficient as a matter of law") (internal citations omitted). Likewise, in the present matter, GM's attempt to reserve its rights as an affirmative defense is insufficient as a matter of law. As such, this affirmative defense should be stricken.

This is an invalid affirmative defense as it denies Plaintiff's allegations rather than raises new facts and arguments. *See Premium Leisure*, 2008 U.S. Dist. LEXIS 64098, *9 (M.D. Fla. 2008) (holding that defense of failure to state a claim "is a denial of [plaintiff's] claim, rather than an affirmative defense"). As such, GM's Eleventh Affirmative Defense should be stricken as legally insufficient and invalid as a matter of law. In the alternative, the Court should re-characterize this affirmative defense as a denial.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves for entry of an Order Striking Defendant's Affirmative Defenses. In the alternative, Plaintiff respectfully moves for an entry of an Order Re-Characterizing Defendant's Affirmative Defenses as Denials, as more specifically outlined above.

## 3.01(g) CERTIFICATION

Pursuant to Middle District of Florida Local Rule 3.01(g), the undersigned certifies that a good faith conferral occurred on November 1, 2024 with counsel for Defendant. Notwithstanding the parties' best efforts, a resolution could not be

achieved.

                                                Respectfully Submitted,

                                                /s/ Joshua E. Feygin
                                                JOSHUA FEYGIN, ESQ.
                                                FL Bar No.: 124685
                                                Email: Josh@sueyourdealer.com
                                                SUE YOUR DEALER – A LAW FIRM
                                                1930 Harrison Street Suite 208F
                                                Hollywood, Florida 33020
                                                Tel: (954) 228-5674
                                                Fax: (954) 697-0357
                                                *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on November 1, 2024, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Middle District of Florida, using the CM/ECF system, and that the foregoing document was served electronically to all counsel of record.

      */s/ Joshua E. Feygin*
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685