UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CP TILE & MARBLE PLUS, INC.,

    Plaintiff,

vs.                                CASE NO.: 6:24-cv-1767-WWB-RMN

GENERAL MOTORS LLC,

    Defendant.

_____/

**DEFENDANT GENERAL MOTORS LLC'S MEMORANDUM
OF LAW IN RESPONSE TO PLAINTIFF'S MOTION TO
STRIKE AFFIRMATIVE DEFENSES**

Defendant General Motors LLC ("GM") hereby responds to Plaintiff's Motion to Strike Defendant's Affirmative Defenses and requests the Motion be denied. In support, GM states:

**INTRODUCTION**

Plaintiff's Complaint alleges a single count against GM for breach of warranty under the Magnuson-Moss Warranty Act. Plaintiff alleges that it purchased a GM vehicle and that GM breached its warranty by failing to repair alleged defects in the subject vehicle and failing to conform the vehicle to the warranty. GM's Answer denies that it breached the warranty and asserts defenses to Plaintiff's allegations.

Plaintiff contends that GM's "affirmative defenses" should be stricken because they are "legally insufficient and invalid as a matter of law" and "have no basis in law or fact." (Doc. 14 at p.3). Plaintiff's argument overlooks the fact that GM's

Answer asserts all of GM's defenses as required by the Federal Rules of Civil Procedure, including defenses *and* affirmative defenses.

Federal Rule of Civil Procedure 8(b)(1)(a) requires a defendant, in its answer to a complaint, to "state in short and plain terms its defenses to each claim asserted against it." The rule requires a defendant to assert all defenses and is not limited solely to affirmative defenses. The purpose of these pleading requirements is to place the "Plaintiff and the Court on notice of certain issues [the Defendant] intend[s] to assert against Plaintiff's claims." *Clarendon Amer. Ins. Co. v. All Brothers Painting, Inc.*, 2013 WL 5921538, *7 (M.D. Fla. 2013) (*quoting Dunning v. Thuyen*, 2012 WL 882549, *2 (M.D. Fla. 2012)). Indeed, proper answers give notice to the plaintiff of the defendant's position on the facts alleged and narrow the issues for discovery and trial. *Clarendon*, 2013 WL 5921538 at *3. GM complied with this obligation.

By presenting all of its defenses, not just affirmative defenses, in its Answer, GM has provided notice to Plaintiff of the issues it intends to raise against Plaintiff's claims. Doing so promotes judicial economy by informing Plaintiff of the disputed issues, allowing the parties to appropriately tailor discovery, and reducing the potential need for GM to amend its answer as the litigation proceeds. In essence, Plaintiff's Motion suggests to the Court that Plaintiff would prefer to remain in the dark with respect to all non-affirmative defenses. This is anathema to the purpose of the Rules of Civil Procedure which is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 1, Fed. R. Civ. P.

While GM's defenses at issue in Plaintiff's Motion are not affirmative defenses, Plaintiff's Motion to Strike fails to meet the requisite standard for striking affirmative defenses. An affirmative defense should be stricken only "if the defense is insufficient as a matter of law." *Bruce v. Ocwen Loan Servicing, LLC*, 2012 WL 4867224 at *1 (M.D. Fla. 2012).  "An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id*.  "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Id*.  Here, GM's defenses assert substantial legal and factual questions which go to the heart of Plaintiff's claims.  Thus, even under Plaintiff's misreading of GM's defenses, the Motion to Strike should be denied.

In contrast to GM's properly pled defenses which help frame and identify the disputed issues and promote judicial economy, Plaintiff's Motion to Strike wastes this Court's time. *See Clarendon*, 2013 WL 5921538 at *1 (*quoting Somerset Pharm., Inc., v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) ("Motions to Strike are generally disfavored by the Court and are often considered time wasters" because of the difficult standard the movant must satisfy.)).  Indeed, "[a] motion to strike is a drastic remedy . . . and will ordinarily be denied unless the material sought to be stricken is insufficient as a matter of law." *Clarendon*, 2013 WL 5921538 at *1 (*citing Guarantee Ins. Co. v. Brand Mgmt. Service, Inc.*, 2013 WL 4496510, *2 (S.D. Fla. 2013)).  "[A] court will not exercise its discretion under the rule to strike a pleading unless the

matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (*citing Poston v. Amer. Pres. Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)).

**WHEREFORE**, Defendant, General Motors LLC, respectfully requests that this Court deny Plaintiff's Motion to Strike Affirmative Defenses.

Respectfully submitted,

/s / Brent D. Hartman
STEVEN I. KLEIN
Florida Bar No.: 0675245
E-mail: sklein@rumberger.com
BRENT D. HARTMAN
Florida Bar No.: 106382
E-mail: bhartman@rumberger.com
Rumberger, Kirk & Caldwell, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel: 407.872.7300 Fax: 407.841.2133
**Attorneys for Defendant General Motors LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 11/15/2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s / Brent D. Hartman
STEVEN I. KLEIN
Florida Bar No.:  0675245
E-mail:  sklein@rumberger.com
BRENT D. HARTMAN
Florida Bar No.: 106382
E-mail:  bhartman@rumberger.com
Rumberger, Kirk & Caldwell, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32801
Tel:  407.872.7300 Fax:  407.841.2133
**Attorneys for Defendant General Motors LLC**